548 F.Supp. 117 (1982)
Dr. Bhartur N. PREMACHANDRA, Plaintiff,
v.
Dr. Murray G. MITTS, et al., Defendants.
No. 81-46C(2).
United States District Court, E. D. Missouri, E. D.
September 27, 1982.
*118 *119 Marilyn S. Teitelbaum, St. Louis, Mo., for plaintiff.
Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This case is now before this court on the motion of the plaintiff for allowance of reasonable attorney's fees brought pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 2412. Plaintiff's original cause of action arose out of the termination of his employment by the Veterans Administration at its Jefferson Barracks Hospital as a Research Endocrinologist. On December 30, 1980, the Agency notified the plaintiff of his termination effective January 16, 1981, and also directed him to end his experiments and dismantle his laboratory by that date. Subsequently, the plaintiff appealed his termination to the Merit Systems Protection Board, on January 31, 1981.
In response to the actions of the Agency, the plaintiff also filed this action in this court for the purpose of acquiring injunctive relief. In his complaint, the plaintiff sought an order enjoining the Agency from terminating him and requiring him to dismantle his laboratory, until such time that he received a due process hearing before the Merit Systems Protection Board. The plaintiff alleged that the failure of the Agency to provide him with a pre-termination hearing was in violation of his due process rights as guaranteed by the Fifth Amendment of the United States Constitution. Although the plaintiff was successful initially in his acquisition of a temporary restraining order enjoining the Agency from discharging him and dismantling his laboratory, this court subsequently entered an order denying his motion for a preliminary injunction on March 3, 1981. In addition, this court also denied the plaintiff's application for injunction pending appeal, but granted him seven days to seek an injunction from the Eighth Circuit. The plaintiff was unsuccessful in acquiring an injunction pending appeal from either of the Eighth Circuit or the Supreme Court upon his first motion, although he was granted several stays. However, on May 4, 1981, the plaintiff submitted a second motion for injunction pending appeal to the Court of Appeals. In his second motion, the plaintiff requested an order that would prohibit the Agency from dismantling the laboratory or disrupting his experiments. Therefore, in the latter motion, the plaintiff abandoned his request for injunctive relief, which would have restrained the agency from ending his employment prior to the receipt of a due process hearing before the Merit Systems Protection Board. In response to this motion and to the willingness of the defendant not to disrupt the plaintiff's laboratory, the Eighth Circuit entered an order on May 21, 1981 in which it recognized the Veterans Administration's agreement not to dismantle the plaintiff's laboratory and ordered a stay with regard to that issue pending appeal. However, the Court of Appeals did not extend the stay to the termination of the plaintiff's employment. Premachandra v. Mitts, No. 81-1246 (8th Cir. May 21, 1981).
Subsequent to the Eighth Circuit's order staying the dismantling of plaintiff's laboratory pending appeal of the denial of plaintiff's request for a preliminary injunction, oral arguments were held by the Court of Appeals in June of 1981. However, the *120 Eighth Circuit never ruled on the question of the proprietary of this court's denial of the plaintiff's request for a preliminary injunction. A formal order was unnecessary because in a letter to the court dated July 2, 1981 the defendants voluntarily agreed "not to dismantle or interfere with appellant's use of the laboratory before the decision on the merits of appellant's discharge is filed by the Hearing Examiner." Although the defendants at one point in time suggested they might retract this settlement, the plaintiff did in fact have use of his laboratory until he had his hearing before the Merit Systems Protection Board. On September 16, 1981 the Board issued its decision, which reversed the action of the Agency. This decision became final on October 21, 1981. As a result, the Eighth Circuit dismissed as moot the plaintiff's appeal of the denial of his motion for a preliminary injunction upon its own motion, on October 27, 1981.
Upon dismissal of this case by the Eighth Circuit, the plaintiff has submitted this motion for allowance of reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 2412(b). The plaintiff has already been awarded fees by the Merit Systems Protection Board for the services it rendered in connection with the proceedings before the Board. The plaintiff contends that Section 1988 provides a court with the discretion to award a "prevailing party" in a civil rights action a reasonable attorney's fee as part of the costs of an action. The plaintiff further alleges that it was a "prevailing party" as that term is defined by 42 U.S.C. § 1988 and 28 U.S.C. § 2412(b) because this lawsuit was the catalyst that prompted the defendants to provide him with the fundamental relief that he initially sought. Finally, the plaintiff argues that recent amendments to 28 U.S.C. § 2412(b) permit an award of attorney's fees against the United States to the same extent that such awards may be made against private parties. Therefore, the plaintiff contends that the defendants are subject to the common law exception to the American rule on attorney's fees, as well as the exception embodied in 42 U.S.C. § 1988.
In response to the plaintiff's motion for attorney's fees, the defendants argue that the plaintiff has failed to state a legal basis for the allowance of fees in this case. The defendants assert that the plaintiff also has failed to satisfy the prerequisites for obtaining fees pursuant to 28 U.S.C. § 2412. In addition the defendants argue that the plaintiff should have appealed directly to the Eighth Circuit, the decision of the Merit Board. The Board held that it did not have the requisite jurisdiction to award the plaintiff the attorney's fees incurred in connection with proceedings before the federal courts.
Effective October 1, 1981, the Equal Access to Justice Act, Public Law 96-481, amended 28 U.S.C. § 2412 to permit the award of attorney's fees against the United States in two contexts. The statute now provides a court with the power to award reasonable attorney's fees and expenses to the "prevailing party" in any civil action or adversary adjudication brought by or against the United States, to the same extent that such awards may be made against private parties, unless the award is expressly prohibited by statute. 28 U.S.C. § 2412(b). "Thus, the United States will be subject to the common law `bad faith', `common fund', and `common benefit' exceptions to the American rule on attorney's fees, as well as any statutory exceptions such as those under the Civil Rights Act and the Omnibus Control and Safe Streets Act." 14 Wright & Miller, Federal Practice and Procedure, § 3659 p. 86 (Supp.1981).
42 U.S.C. § 1988 is a statutory exception to the American rule, which precludes the award of attorney's fees to the successful litigant. Section 1988 provides district courts with the authority to award "the prevailing party, other than the United States a reasonable attorney's fee as part of the costs" in any suit brought in vindication of a litigant's civil rights. Therefore, 42 U.S.C. § 1988 read in conjunction with 28 U.S.C. § 2412 may provide the plaintiff in this case with a vehicle for obtaining attorney's fees and expenses because § 1988 explicitly allows for the award of fees to *121 "prevailing parties" in civil rights actions.[1] Thus, the remaining issue before this court is whether the plaintiff is a "prevailing party" as that term is defined by 28 U.S.C. § 2412(b) and 42 U.S.C. § 1988.[2]
Although § 1988 entrusts the award of attorney's fees to the discretion of the trial court, a "prevailing party" should be awarded those fees, unless special circumstances would render the recovery unjust. Christianburg Garment Company v. E. E. O. C., 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); Riddell v. National Democratic Party, 624 F.2d 539 (5th Cir. 1980). In addition, the legislative history of 42 U.S.C. § 1988 indicates that a litigant may be a "prevailing party" without having obtained a final judgment after a full trial on the merits. Therefore "parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief." Hanrahan v. Hampton, 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (citing H.R.Rep.No.94-1558 p. 7 (1976).) Moreover, courts have allowed a litigant to be defined as a "prevailing party" and therefore to be eligible for attorney's fees when subsequent remedial action by a defendant effectively moots the controversy after the initiation of a lawsuit. Harrington v. DeVito, 656 F.2d 264 (7th Cir. 1981); Handicapped Federation v. Andre, 622 F.2d 342 (8th Cir. 1980); Nadeau v. Helgemoe, 581 F.2d 275 (1st Cir. 1978); Connor v. Winter, 519 F.Supp. 1337 (S.D.Miss.1981). Finally, the fact that a plaintiff does not prevail on every theory does not preclude the recovery of attorney's fees. Handicapped Federation v. Andre, 622 F.2d at 348.
In an effort to determine whether a litigant is a "prevailing party" and therefore entitled to attorney's fees, in the context of a suit which has been settled, courts have adopted a two step test known as the "Nadeau" test. The Eighth Circuit adopted this test in Handicapped Federation v. Andre, supra. The first step is a question of fact and requires a determination of whether the plaintiff's lawsuit served in part as a catalyst which prompted the opposing party to take remedial action. Under this standard "[i]t is not necessary for the plaintiffs' lawsuit to be the sole cause or even the primary cause of the defendant's decision to settle. Nor is it necessary or practical for the plaintiffs to prove that their rights were in fact violated under traditional standards of analysis." 622 F.2d at 347. The second step of the test requires a legal determination. A party may only be "prevailing" if the lawsuit initiated was reasonable.
Applying the "Nadeau" test to the motion for attorney's fees presently before this court, it is reasonable to conclude that the plaintiff in this action is a "prevailing party", and therefore entitled to attorney's fees. It is clear that without the initiation of his suit for injunctive relief in this court that it is unlikely that the plaintiff would have been able to maintain his laboratory pending his appeal to the Board. This lawsuit certainly served as a "catalyst" to the decision of the defendants to allow the plaintiff to remain in his laboratory pending the disposition of his case before the Agency. Furthermore, the fact that relief was consented to subsequent to the initiation of the suit is an additional basis for concluding that the defendants' actions were causally related to the lawsuit. Harrington *122 v. DeVito, 656 F.2d at 267. Finally, it is the conclusion of this court that the plaintiff's lawsuit was reasonable. This finding is reinforced in light of the disposition of his case before the Merit Systems Protection Board.
The final argument that the defendants suggest in support of their contention that the plaintiff is not eligible for an award of attorney's fees, is that after the decision of the Board not to award the plaintiff attorney's fees for charges incurred in connection with the suit initiated in this court, Premachandra v. Veterans Administration, MSPB Docket No. SLO XXXXXXXXX (Jan. 29, 1982), the plaintiff was required to appeal that decision to the Eighth Circuit. The defendants contend that because the Court of Appeals has direct appellate jurisdiction by petition for review of Merit Systems Protection Board decisions, the plaintiff is required to appeal the Agency decision to the Eighth Circuit pursuant to 5 U.S.C. § 504(c)(2).
Section 504(c)(2) of the statute governing costs and fees incurred by litigants in adversary proceedings before an agency provides that a party dissatisfied with the determination of the agency under § 504(a) "may petition for leave to appeal to the court of the United States having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication." However, § 504(a)(1) provides that "[a]n agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding ..." In its decision, it was the conclusion of the Agency that the services of plaintiff's counsel rendered in connection with the suit before this court "were not rendered in an appeal before this Board.", and therefore the Agency did not have jurisdiction to award fees for those services. It necessarily follows that the plaintiff is not required to appeal the decision of the Board pursuant to § 504(c)(2) because the fees requested do not come within the purview of § 504(a); nor is the plaintiff objecting to the determination of the Agency that it does not have jurisdiction to award fees for costs incurred in connection with litigation before this court. 42 U.S.C. § 1988 provides federal district courts with the power to award prevailing parties with reasonable fees as part of their costs. Hutto v. Finney, 437 U.S. 678, 695, 98 S.Ct. 2565, 2575, 57 L.Ed.2d 522 (1978). Therefore, it is the conclusion of this court that plaintiff is entitled to an award of attorney's fees for the charges incurred in connection with his suit before this court.
As a general rule the amount of attorney's fees awarded shall be at a minimum the amount of hours expended times the attorney's normal hourly rate. Crain v. City of Mountain Home, Arkansas, 611 F.2d 726 (8th Cir. 1979). However, while the fact that the plaintiff did not prevail under all of his theories or acquire all the relief he requested does not preclude an award of attorney's fees, the result obtained is a factor to be considered in ascertaining the amount of the award. Handicapped Federation v. Andre, 622 F.2d at 348. The plaintiff in this action initially attempted to enjoin the Agency from terminating him and from dismantling his laboratory prior to a hearing before the Merit Systems Protection Board. It was only when the plaintiff submitted a second motion to the Eighth Circuit, in which he limited his request for relief to the maintenance of his laboratory, that the defendants consented to allow the plaintiff to remain in his laboratory. Therefore, the plaintiff was unsuccessful in his attempt to enjoin the defendants from terminating his employment prior to his hearing before the Board. In an effort to award the plaintiff for the work performed on the claims in which he was successful, and in consideration of the additional factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), this court believes that it is necessary to reduce the hours expended by counsel by one third. The fees charged by the plaintiff's attorneys are reasonable. Therefore counsel for plaintiff will be awarded $15,630.67 in attorney's fees and $1,848.49 for expenses.
NOTES
[1] In light of the fact that this court believes that the plaintiff is eligible for an award of attorney's fees pursuant to 42 U.S.C. § 1988, it is unnecessary to address the question of whether fees would be available under the common law exception to the American rule on attorney's fees.
[2] Courts have construed statutes that contain substantially identical language similarly. Riddell v. National Democratic Party, 624 F.2d 539, 543 (5th Cir. 1980); Connor v. Winter, 519 F.Supp. 1337 (S.D.Miss.1981). Consistency can only be achieved if the meaning of "prevailing parties" is interpreted in the same manner when construing 42 U.S.C. § 1988 and 28 U.S.C. § 2412. Therefore, in an effort to determine whether the plaintiff in this action is a "prevailing party", this court will look to precedent which has construed the same language in the context of 42 U.S.C. § 1988 and 29 U.S.C. § 794a(b).